UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THEODORA CATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2935 (RC) |
| | ) | |
| | ) | |
| TRACIE NOYES *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff, appearing *pro se*, filed a cryptically worded Complaint, ECF No. 1, against the United States, several employees of the Internal Revenue Service ("IRS"), and three private individuals. The complaint against the private individuals has been dismissed for lack of personal jurisdiction, *see* Order, ECF No. 18, and what remains has been construed as a suit against the United States for a tax refund under 26 U.S.C. § 7422 and for civil damages under 26 U.S.C. § 7433. *See* July 26, 2019 Minute Order (granting motion to substitute the United States as the proper defendant).

Pending before the Court is the United States' Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure, ECF No. 20. Plaintiff has opposed the motion, ECF No. 25; the United States has replied, ECF No. 26; and Plaintiff has filed a "civil statement," ECF No. 27 (hereafter "Sur-reply"). For the following reasons, the motion will be granted.[1]

---

[1] Also pending is Plaintiff's motion for an appointment of counsel, which, after careful consideration of the factors for appointing counsel, *see* LCvR 83.11(b)(3), the Court will deny.

## II. BACKGROUND

The documented material facts are as follows.[2] Plaintiff is the disabled adult child of a deceased federal employee who receives survivor annuity payments from the U.S. Office of Personnel Management ("OPM"), Retirement Programs. Def.'s Statement of Facts ("SOF") ¶ 4, ECF No. 20-2 at 2-5. The annuity payments were Plaintiff's only reported source of income in tax years 2014 and 2015, which are the subject of this action.

Plaintiff's survivor benefits also included "health insurance through the Federal Employees Health Benefits Plan[,]" and she "specifically . . . elected Blue Cross Blue Shield's Federal Employee Plan." SOF ¶ 6. "OPM deducted the cost of [Plaintiff's] health insurance premiums from her monthly benefits payments." *Id*. ¶ 7. In Form 1099-R (statement of annuity payments), OPM reported for tax year 2014 that Plaintiff was paid $5,760 in survivor benefits, from which $2,279.22 were deducted to pay for Plaintiff's health insurance premiums. *Id*. ¶ 8; Ex. B at 3. For tax year 2015, Plaintiff was paid $5,856 in survivor benefits, from which $2,359.81 were deducted to pay for the health insurance premiums. *Id*.; Ex. E at 3.

The IRS received Plaintiff's 2014 income tax return on April 15, 2015; her 2015 income tax return on April 15, 2016; and her amended income tax returns for both years on November 21, 2017. SOF ¶¶ 1-2. For both years, Plaintiff claimed a tax credit under the Health Coverage Tax Credit ("HCTC"), 26 U.S.C. § 35.[3] *Id*. ¶ 10; *see also* Compl. Exs. at 15-16 (completed

---

[2] In support of summary judgment, Defendant has proffered the Declaration of Rachel L. Gregory, who is an Attorney with the IRS's Office of Chief Counsel, Small Business/Self-Employed Division. Gregory's declaration is based on information she obtained in the course of her official duties, including from her review of the income tax returns and account transcripts attached as exhibits to the declaration. *See* Gregory Decl. ¶¶ 3-17.

[3] Paragraph (a) of the statute provides:

> In the case of an individual, there shall be allowed as a credit against

2017 Health Coverage Tax Credit Form and inquiries about refund checks for years 2014 and 2015). For 2014, Plaintiff "asserted that she was due a refund in the amount of $2,278, which [was] 72.5% of the total of health insurance premiums and prescription drug costs that she paid for 2014." SOF ¶ 12. For 2015, Plaintiff "asserted that she was due a refund . . . of $2,066, which [was] approximately 72.5% of the total of health insurance premiums and prescription drug costs that she paid for 2015." *Id.* ¶ 14.

Eventually, the IRS "disallowed" Plaintiff's "refund claims because she never provided the requested documentation showing that she was eligible for the HCTC." SOF ¶ 17. In a letter to Plaintiff dated July 26, 2018, the independent Taxpayer Advocate Service informed Plaintiff that "[t]o be eligible for the HCTC, you cannot be enrolled in the Federal Employees Health Benefits Program (FEHBP)," and the fact that she was so enrolled disqualified her for the HCTC. Compl. Ex., ECF No. 1-1 at 20-21.

Nevertheless, Plaintiff filed this action on December 13, 2018, seeking a tax refund based on the HCTC "for 2014 and the year 2015," Compl. at 10, and punitive damages "based on the alleged theft of her refund checks," Mem. of Law in Support of the United States' Mot. for Summ. J. at 1, ECF No. 20-2. Plaintiff later elaborates that "the 2014 and 2015 checks were cashed without [her] consent at the [Capital One] bank that [she does] not have a[n] account with," Sur-reply at 4, and that "employees or a[n] employer . . . had the money transferred to a [Capital One] bank account" that was not her account and "the money was sent to the defendants

---

        the tax imposed by subtitle A an amount equal to 72.5 percent of the amount paid by the taxpayer for coverage of the taxpayer and qualifying family members under qualified health insurance for eligible coverage months beginning in the taxable year.

26 U.S.C. § 35(a). The tax returns in the record show that in 2014 and 2015, Plaintiff reported no taxable income and "paid $0 in taxes[.]" SOF ¶ 3.

that worked for the federal government[.]" *Id*. at 2. She therefore seeks $50,000 in punitive damages "based on facts that the fraud [and theft] [were] committed[.]" *Id*. at 5.

## III. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. S*ee Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). The inquiry under Rule 56 is essentially "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

The principal purpose of summary judgment is to determine whether there is a genuine need for trial by disposing of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324. The non-movant may not rest upon mere allegations or denials but must instead present affirmative evidence. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (citing *Anderson*, 477 U.S. at 257).

In considering a motion for summary judgment, a court must "eschew making credibility determinations or weighing the evidence." *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir.

2007). All underlying facts and inferences must be analyzed in the light most favorable to the non-movant. *See Anderson*, 477 U.S. at 255. Nevertheless, conclusory assertions offered without any evidentiary support do not create a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## IV. ANALYSIS

### 1. Tax Refund Claim

Defendant argues that Plaintiff's enrollment in Blue Cross Blue Shield Federal Employee Program disqualified her for a refund under the HCTC for tax years 2014 and 2015. *See* Def's Mem. at 6-7. The Court agrees. Under the statute, "eligible coverage month" for purposes of qualifying for a credit "means" the first day of "any month" where the taxpayer "does not have other specified coverage[.]" 26 U.S.C. § 35(b)(1)(A)(iii) (emphasis added). Specified coverage includes "a health benefits plan under chapter 89 of title 5, United States Code," *id*., § 35(f)(3)(A), which is "the Federal Employees Health Benefits Act of 1959 (FEHBA), 5 U.S.C. § 8901 *et seq*." *Coventry Health Care of Missouri, Inc. v. Nevils*, 137 S. Ct. 1190, 1194 (2017).

Plaintiff does not dispute that OPM's survivor annuity payments were her only source of income in 2014 and 2015 and that she was enrolled in the federal health insurance program during those tax years. Consequently, Defendant is entitled to judgment as a matter of law on Plaintiff's claim for a tax refund.

### 2. Monetary Damages Claim

Plaintiff seeks punitive damages "for all the hell that [defendants] took" her through "when they knew" that she was "entitle[d] to the Health Care Tax Credit."[4] Compl. at 3. The

---

[4] Plaintiff seems to allege that she "received" a "health care tax credit refund" in 2016 and 2017 and therefore is entitled to a refund for tax years 2014 and 2015. Compl. at 3. Defendant counters that to the extent the allegation is true, such "refunds were erroneous" because "[i]t appears that

5

false premise notwithstanding, an award of damages would be against the United States, and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see accord American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d 72, 79 (D.D.C. 2012). Congress may waive the government's immunity, but such a waiver "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Defendant argues that Plaintiff's claim for damages should be dismissed because she failed to exhaust her administrative remedies under the Taxpayer Bill of Rights by following the procedures set out at 26 U.S.C. § 7433(d)(1). Def.'s Mem. at 7-8. But the D.C. Circuit has "limited § 7433's reach to situations in which the IRS has 'tak[en] an affirmative step to recover' taxes owed to the government." *Ivy v. Comm'r of Internal Revenue Serv.*, 877 F.3d 1048, 1050 (D.C. Cir. 2017) (quoting *Agility Network Servs., Inc. v. United States*, 848 F.3d 790, 794 (6th Cir. 2017); *see id*. (citing with approval *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992), holding that a "claim for damages resulting from the government's refusal to give [the plaintiff] a tax refund runs afoul of the clause in Section 7433 which says that a taxpayer may sue only if an IRS agent disregards a statute or regulation 'in connection with any collection of Federal tax'"); *see also Jaeger v. U.S. Gov't*, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) (holding that "section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax") (citing cases holding

---

[Plaintiff's] health insurance in 2016 and 2017 was also Blue Cross Blue Shield's Federal Employee Plan." Mem. at 7, n.2.

same)). Plaintiff's claim, to the extent intelligible, is based not on the collection of taxes but on the alleged theft of her tax refund through fraudulent means by federal employees. Pl.'s Sur-reply at 5. Therefore, the government's invocation of § 7433's immunity waiver is inapposite.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, waives the United States' immunity as to certain enumerated claims for money damages. It "'mak[es] the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment[,]'" *Bell v. United States*, 301 F. Supp. 3d 159, 163 (D.D.C. 2018), *aff'd,* No. 18-5115, 2018 WL 6720681 (D.C. Cir. Dec. 17, 2018) (quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976)), "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The FTCA explicitly immunizes the United States from "[a]ny claim arising in respect of the assessment or collection of any tax[.]" 28 U.S.C. §2680(c). Courts have found this language "broad enough to encompass any activities of an IRS agent [or employee] even remotely related to his or her official duties." *Childresss v. Northrop Corp.*, 618 F. Supp. 44, 49 (D.D.C. 1985) (quoting *Capozzoli v. Tracey*, 663 F.2 654, 658 (5th Cir. 1981) (other citations omitted)); *see Reiff v. United States*, 107 F. Supp. 3d 83, 87-88 (D.D.C. 2015) (rejecting argument that immunity extends only to conduct of "IRS 'agents'"); *see also Clark v. United States*, 326 F.3d 911, 913-14 (7th Cir. 2003) (examining cases from "other circuits" that "have held that a wide range of activity by the IRS 'arises in respect of' its collection or assessment of taxes"). Consequently, Plaintiff's claim for punitive damages is barred.

## CONCLUSION

For the foregoing reasons, the Court concludes that no reasonable jury could find that Plaintiff is owed a tax refund for tax years 2014 and 2015, and that sovereign immunity bars

7

Plaintiff's claim for monetary damages. Therefore, summary judgment will be entered in the government's favor on both claims. A separate order accompanies this Memorandum Opinion.

DATE: March 19, 2020

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge